Michael Anthony TAYLOR, Appellant,

v.

Larry CRAWFORD, Director, MO Dept. of Corrections; James D. Purkett, Superintendent, Eastern Reception Diagnostic & Correctional Center, Appellees.

Michael Anthony Taylor, Appellee,

v.

Larry Crawford, Director, MO Dept. of Corrections; James D. Purkett, Superintendent, Eastern Reception Diagnostic & Correctional Center, Appellants.

Nos. 06–1397, 06–2914.

United States Court of Appeals,
Eighth Circuit.

Aug. 9, 2006.

---

Donald B. Verrilli, Jr., Eric Berger, Jenner & Block, Washington, DC, John William Simon, St. Louis, MO, for Plaintiff–Appellant.

Stephen David Hawke, Michael Eugene Cook Pritchett, James Robert Layton, Attorney General's Office, Jefferson City, MO, for Defendants–Appellees.

Before RILEY, BEAM, and HANSEN, Circuit Judges.

## ORDER

PER CURIAM.

Taylor's 42 U.S.C. § 1983 claims challenging Missouri's lethal injection protocol are before the court on his notice of interlocutory appeal from the district court's January 31, 2006, order refusing to enjoin the execution of his state-court imposed death sentence. (Appeal number 06–1397).

On April 27, 2006, the court remanded the case to the district court for an additional merits hearing on Taylor's claims. Jurisdiction was retained.

The district court, after discovery and hearing, determined that Missouri's then existing protocol violated the Eighth Amendment, enjoined its use in Taylor's execution, stayed Taylor's death warrant, amended its earlier order to the contrary, and on June 26, 2006, certified its findings and conclusions to this court. The district court also concluded "that it [was] within its equitable powers to fashion a remedy" establishing an acceptable protocol for the use of lethal injunctions in the execution of death sentences imposed by Missouri courts, citing *Morales v. Hickman*, 415

F.Supp.2d 1037 (N.D.Cal.2006), and *Brown v. Beck*, No. 5:06–CT–3018–H (E.D.N.C. April 7, 2006) (Doc. No. 32). It then did so.

As directed, although after the certification, Crawford filed in the district court a revised protocol for use in carrying out Taylor's death sentence. On July 24, 2006, Taylor filed objections to the new protocol and on that same day, Crawford filed a new notice of interlocutory appeal in response to the district court's June 26, 2006, order. The next day, the district court, noting its earlier certification and the recently filed notice of appeal, recognized a lack of jurisdiction. With this, the district court forwarded the revised protocol to this court. In the meantime, Taylor filed an unopposed motion to hold briefing in abeyance and his lawyer filed a motion for substitution of counsel and withdrawal. We now address each of these matters.

■ The district court was correct in noting that it retained no further jurisdiction in appeal number 06–1397 after its certification of findings and conclusions on June 26, 2006. And, though the matter was already before this court pursuant to Taylor's earlier notice of appeal, Crawford's new notice of appeal of July 24, 2006, although continuing to deal generally with Taylor's section 1983 claims, resulted in a new appeal. (Appeal number 06–2914).

■ While the court questions whether in the circumstances of this case the district court was "within its equitable powers" in directing Crawford to adopt a revised protocol for lethal injections in Missouri, it finds that it is not necessary to decide that issue now. The district court clearly did have authority to determine the constitutionality of the then existing execution procedures originally presented, to set forth in detail its reasons for such holding, and to enter its June 26, 2006, order, dealing with such subjects. The district court also had jurisdiction to grant Taylor the remedy of injunction or, in the alternative, to deny such relief, totally or conditionally. *See, e.g., Morales*, 415 F.Supp.2d at 1046–47.

■ Since Crawford has now proposed the revised protocol for use in the execution of Taylor's death sentence, the court remands jurisdiction of this dispute to the district court for consideration of this newly propounded protocol and all other issues now framed by the parties' pleadings and notices of appeal. In the course of or after such consideration, any party is free to seek, or not, review of any appealable interlocutory decision or final decision the district court renders or has rendered at any stage of this continuing litigation.

The previously imposed briefing schedules in appeal number 06–1397 are vacated and the pending motions for withdrawal and substitution of counsel are also remanded to the jurisdiction of the district court for consideration and decision.

The appeals are remanded to the district court for further proceedings in accordance with this order.